ORIGINAL

Approved: _____
Micah F. Fergenson
Assistant United States Attorney

Before: THE HONORABLE DEBRA FREEMAN
United States Magistrate Judge
Southern District of New York

**19 MAG 10063**

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

MARKEITH DARIUS,

    Defendant.

- - - - - - - - - - - - - - - - - - x

**SEALED COMPLAINT**

Violations of 18
U.S.C. §§ 844(i) and
2.

COUNTY OF OFFENSE:
NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss.:

    MICHAEL PRITCHETT, being duly sworn, deposes and says that he is a Fire Marshal with the Fire Department of the City of New York ("FDNY"), and charges as follows:

<u>COUNT ONE</u>
(Arson)

    1. On or about September 30, 2019, in the Southern District of New York and elsewhere, MARKEITH DARIUS, the defendant, maliciously damaged and destroyed, and attempted to damage and destroy, by means of fire and an explosive a building, vehicle, and other real and personal property used in interstate and foreign commerce and in an activity affecting interstate and foreign commerce, to wit, DARIUS threw a glass bottle with an ignitable liquid and a lit wick into a restaurant in New York, New York.

    (Title 18, United States Code, Sections 844(i) and 2.)

    The bases for my knowledge and for the foregoing charge are, in part, as follows:

2.     I am a Fire Marshal with the Bureau of Fire Investigation in the City of New York Fire Department. I have been personally involved in the investigation of this matter, and I base this affidavit on that experience, on my conversations with other law enforcement officials, and on my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3.     Based on my conversations with other law enforcement officers and my review of documents and reports prepared by the FDNY and the New York City Police Department ("NYPD"), I have learned, in substance and in part:

   a.     On or about September 29, 2019, and September 30, 2019, the defendant, MARKEITH DARIUS, was residing with at least one family member at an address in Queens, New York (the "Residence").

   b.     For a period of time prior to 2019, DARIUS had been employed by a certain restaurant located in New York, New York (the "Restaurant").

   c.     On or about September 30, 2019, members of the FDNY and NYPD responded to a 911 call regarding an odor of gasoline and a broken window at the Restaurant.

   d.     When the FDNY and NYPD members arrived at the scene, they learned that an unidentified individual had thrown a rock through one of the Restaurant's windows. The FDNY and NYPD members discovered behind the bar of the Restaurant an unbroken glass bottle containing an unknown liquid with a wick that appeared to be partially burned (the "Incendiary Device"). An empty mason jar was also found behind the bar. The interior of the Restaurant smelled of gasoline.

   e.     By reviewing a laboratory report analyzing the liquid inside the unbroken glass bottle, I learned that the liquid was identified as gasoline and found to be ignitable.

4.     Based on my review of video recordings, I have learned that movements and actions of an individual later identified as the defendant, MARKEITH DARIUS, on or about September 29, 2019, and September 30, 2019, were captured by

video cameras outside his Residence, in the vicinity of the Restaurant, and inside the Restaurant. After reviewing those video recordings, I have learned, in substance and in part:

    a. On or about September 29, 2019, at approximately 9:14 p.m., DARIUS departed from his Residence wearing a baseball cap, a hooded sweatshirt with two strings hanging from the neckline, pants, boots, and a backpack.

    b. On or about September 30, 2019, at approximately 12:17 a.m., DARIUS used a rock to break one of the Restaurant's windows, as shown in a video recording of the Restaurant's exterior.

    c. DARIUS was wearing the same baseball cap, hooded sweatshirt with two strings hanging from the neckline, pants, and boots. DARIUS was no longer wearing a backpack. Instead, he was holding the Incendiary Device.

    d. As shown in a video recording of the Restaurant's interior, DARIUS then lit the wick of the Incendiary Device and entered the Restaurant through the broken window. In the process of entering the Restaurant, a piece of clothing that was partially covering the defendant's face fell down, showing his face.

    e. After entering the Restaurant, the defendant threw the Incendiary Device behind the bar. The bottle did not break. The defendant then removed a mason jar containing an unknown liquid from his pocket, opened it, and poured its contents behind the bar. The defendant then searched his pockets before exiting the Restaurant through the broken window at approximately 12:19 a.m. on or about September 30, 2019.

    f. At approximately 1:48 a.m. on or about September 30, 2019, DARIUS returned to and entered his Residence, wearing the same baseball cap, hooded sweatshirt with two strings hanging from the neckline, pants, boots, and backpack.

    5. Based on an interview with representatives from the Restaurant during which they were shown certain of the video recordings, I learned that the representatives believed that the individual shown in the video recordings was DARIUS.

    6. Based on a comparison of known photographs of DARIUS, including a copy of a New York driver's license, provided by the Restaurant, to the individual shown in the video

recordings, I identified the individual in the video recordings as the defendant, MARKEITH DARIUS.

7. Based on an interview with a representative from the Restaurant, I have learned, in substance and in part, that the Restaurant obtains and sells food and beverage products that travel through interstate and foreign commerce.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of MARKEITH DARIUS, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

_____
Michael Pritchett
Fire Marshal
Fire Department, City of New York

Sworn to before me this
25th day of October, 2019

_____
THE HONORABLE DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK